## STATE v. THURSTON BROOKS.

(Filed 15 June, 1936.)

**Automobiles G b—Jury must find that truck's attachment was trailer as defined by statute before applying speed limit of thirty miles per hour.**

Where the evidence in a prosecution for manslaughter is not conclusive as to whether the truck operated by defendant had attached thereto a trailer or semitrailer as defined by sec. 1, ch. 148, Public Laws of 1927 (N. C. Code, 2621 [1]), and all the evidence shows that the defendant was driving the truck between thirty and thirty-five miles per hour, it is error for the court to instruct the jury that defendant's speed was limited to thirty miles per hour as prescribed for trucks with trailers attached,

under sec. 2, ch. 235, Public Laws of 1931 (N. C. Code, 2621 [46a]), the burden being upon the State to prove that the truck had. a trailer attached thereto as defined by statute in order to reduce the maximum lawful speed at which the vehicle might be operated from thirty-five miles per hour as prescribed for trucks without trailers, to thirty miles per hour, as laid down in the charge.

APPEAL by the defendant from *Williams, J.,* at October Term, 1935, of PENDER. New trial.

This was a criminal action, wherein the defendant was convicted of manslaughter. It was the contention of the State that the deceased, while walking on the edge of the highway, was killed by being struck by an attachment to a motor vehicle operated in an unlawful manner by the defendant.

From judgment based upon the verdict the defendant appealed, assigning errors.

*Attorney-General Seawell and Assistant Attorneys-General McMullan and Bruton for the State.*

*J. A. Jones for defendant, appellant.*

SCHENCK, J. The appellant's fifth assignment of error is to a portion of the court's charge as follows:

"No motor vehicle designed, equipped for, or engaged in transporting property shall be operated over the highways of the State at a greater rate of speed than 35 miles, and no such motor vehicle to which a trailer is attached shall be operated over such highways at a greater rate of speed than 30 miles an hour. I charge you in the case that you are now considering, under the evidence here, the speed limit as read to you as 30 miles an hour applies." The foregoing charge assumes that the defendant was operating a motor vehicle to which a trailer was attached. The evidence does not warrant the court in assuming, as a matter of law, that the attachment to the truck driven by the defendant was a trailer. It is true that all of the evidence tends to show, and that the defendant does not deny, that there was an attachment to the motor vehicle operated by him, but since the statute makes a distinction between a trailer and a semitrailer, and applies the 30 miles per hour limitation only to trucks with trailers attached, it was error to assume that the attachment to the motor vehicle operated by the defendant was a trailer.

Section 1, chapter 148, Public Laws 1927, reads:

."Section 1. Definitions. The following words and phrases when used in this act shall for the purpose of this act have the meanings respectively ascribed to them in this section. . . .

"(g) 'Trailer.' Every vehicle without motive power designed for carrying property or passengers wholly on its own structure and for being drawn by a motor vehicle.

"(h) 'Semitrailer.' Every vehicle of the trailer type so designed and used in conjunction with a motor vehicle that some part of its own weight and that of its own load rests upon or is carried by another vehicle." These provisions are brought forward as section 2621 (1), N. C. Code of 1935 (Michie).

Section 2, chapter 235, Public Laws 1931, amends chapter 148, Public Laws 1927, by adding thereto: "Section 69. Restrictions on speed of trucks. No motor vehicle designed, equipped for, or engaged in transporting property shall be operated over the highways of the State at a greater rate of speed than thirty-five (35) miles an hour, and no such motor vehicle to which a trailer is attached shall be operated over such highways at a greater rate of speed than thirty (30) miles an hour." This amendment is brought forward as section 2621 (46a) of N. C. Code, *supra*.

The defendant testified: "I was driving between 30 and 35 miles an hour, around 33. I had been driving it right around 33." The witness who was sitting on the seat of the truck with the defendant testified: "As we approached the point of this accident this truck was traveling between 30 and 35. It wouldn't do but 35 at the very best." There is no evidence in the record that the truck was being driven by the defendant at a greater rate of speed than 35 miles per hour. It was therefore of vital importance to the defendant that the jury be instructed that before they could find that he had violated the statute last quoted they must find beyond a reasonable doubt that there was attached to the motor vehicle operated by him a trailer as defined in the statute.

The only evidence in the record directly bearing upon the question as to whether the attachment to the truck driven by the defendant was a trailer or a semitrailer is the statement of a State's witness, who testified that "the front of the trailer was built on the chassis of the truck." While this witness speaks of the attachment as a trailer, his statement that the front thereof "was built on the chassis of the truck" would seem to indicate that it was indeed a semitrailer. However this may be, the burden was upon the State to satisfy the jury beyond a reasonable doubt that the attachment was a trailer before they could apply the 30 miles per hour limitation to the speed of the motor vehicle involved, and the defendant was entitled to have the jury so instructed, and it was therefore error for the court to charge the jury that "in the case you are now considering under the evidence here the speed limit as read to you as 30 miles an hour applies."

Our conclusion upon the fifth assignment of error renders any discussion of the other assignments unnecessary.

New trial.